IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

**WESLEY BROWN**, a private citizen           )
residing in the City of Madison, County        )
of Madison, State of Alabama,                  )
                                               )
    Plaintiff,                                )
                                               )
    vs.                                        )
                                               )
**THE COUNTY OF MADISON, ALABAMA**,            )
located in Madison County,                     )  **Civil Action №**
Alabama,                                       )
                                               )  **JURY TRIAL DEMANDED**
**BLAKE DORNING, SHERIFF**,                    )
a public official of Madison County,           )
Alabama,                                       )
                                               )
**MADISON COUNTY SHERIFF'S**                   )
**DEPARTMENT**,                                )
a public office of Madison County,             )
Alabama,                                       )

## VERIFIED COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action under 42 U.S.C. § 1983 to secure legal and equitable relief to redress unlawful deprivation of rights, privileges and immunities secured by the Constitution of the United States of America and the laws of the State of Alabama against the Plaintiff, Wesley Brown by the Defendants, and each of them, and to make said plaintiff whole.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1341, 1343 and 1345. This action is authorized and instituted pursuant to the Fourth Amendment to the Constitution of the United States of America which states that the government may not search or

take a person's property without a warrant, or with a warrant utterly lacking in essential specificity as to property to be seized.

Further, this action is brought to secure the protection of and to redress the deprivation of rights secured by 42 U.S.C. Section 1983 regarding execution of unlawful policies as to your Plaintiff. Attorney's Fees are requested under 42 U.S.C. 1988. The Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. Sections 1331, 1341, 1343(3) and 1343(4). Jurisdiction over plaintiff's claims based on Alabama law exist under the doctrine of pendent jurisdiction.

3. The Defendant County of Madison, Alabama, by and through it's elected Sheriff, and by the use of the Sheriff's staff which comprise the Madison County Sheriff's Department deprived Plaintiff Brown of his property without due process and in violation of the United States Constitution.

4. Pursuant to 28 U.S.C. sections 1392(b)(2) and 1391(c), venue is proper in the Northern District of Alabama, in that the events and omissions giving rise to the claims herein arose in the City of Madison, Madison County, Alabama and Plaintiff's residence is in said city in said county.

## II. PARTIES

5. By this action, Plaintiff Brown challenges the legality of the policy and practice of Defendants, and each of them, and others employed by or otherwise associated with them, of arbitrarily and unlawfully seizing his property. Further, that the Defendants, and each of them, has taken or threatened to take certain actions that will certainly harm Plaintiff by

causing the public circulation of false, misleading and damaging information regarding the Plaintiff.

6. As a direct result of Defendants, and each of them, arbitrary and unjustifiable illegal acts with regard to Plaintiff, Plaintiff has been severely harmed and disadvantaged. Plaintiff has been enforced to suffer extreme pain, degradation, and humiliation by Defendants' arbitrary and unjustifiable treatment of Plaintiff. The Defendants, through their officers and directors, have harmed Plaintiff by interfering with his property and control over said property.

7. Accordingly, Plaintiff respectfully requested that this Court enjoin Defendants, and each of them, from continuing to engage in their unjustifiable practice of violating Plaintiff's rights, privileges and immunities under the United States Constitution. Plaintiff also requests that this Court award him damages to compensate him for the harm that he has suffered as a result of Defendants' unlawful practices. Plaintiff further requests a grant of exemplary damages in an amount sufficient to punish Defendants for their invidious and unlawful conduct and to set an example of Defendants.

8. Plaintiff Brown is a male adult resident of County of Madison, State of Alabama.

9. The County of Madison, Alabama is a corporate entity formed under the laws of the State of Alabama and is doing business as a corporate county within this judicial district. Madison is a county incorporate which owns

and operates The Madison County Sheriff's Department, which is located at 100 Northside Square, Huntsville, Alabama 35801.

10. Defendants, and each of them, should be ordered to take all steps necessary to ensure that their unlawful seizure of Plaintiff's property, his personal computer (printing press), and personal papers is ended, and that positive steps to remedy past injustice are now taken.

11. Pursuant to 29 U.S.C. section 1988, Plaintiff is also entitled to his reasonable costs and attorneys' fees.

12. Plaintiff has met all conditions precedent for filing this case under 42 U.S.C. § 1983.

### III. ALLEGATIONS OF FACT

13. On or about or otherwise on the 18th day of March, 2011, at approximately 3:30 p.m., the County of Madison, Alabama, through it's agent Sheriff and their agents, the Madison County Sheriff's Department, confiscated certain equipment, inclusive of Plaintiff's means of public communication, as well as personal papers and other equipment belonging to the Plaintiff.

14. That the County of Madison Alabama confiscated said equipment without any due process or meaningful redress regarding Plaintiff, his property, or his personal papers and things.

15. That the County of Madison Alabama received Plaintiff's property from Plaintiff subject to a law enforcement action based on a facially defective warrant which was executed against your Plaintiff, his landlord David

Norris Weed, and another lessee, Miles Brazier, all of whom resided at 312 Harvestwood Court, Madison, Alabama, 35758-6637. Plaintiff is a student at the University of Alabama at Huntsville and Madison County Sheriff's Department seized his property and belongings, including his computer (printing press), personal papers and things, and upon demand have failed and refused to disgorge said property and things to the Plaintiff from the County of Madison Alabama or it's Sheriff's Department. A Mr. King, working for the Madison County Sheriff's Department, alleged that Plaintiff's property was presently in the custody of the United States Federal Bureau of Investigation, and then corrected that statement to allege that the same property was in the care, custody and control of the Alabama Bureau of Investigation (Alabama Department of Public Safety) and that the Madison County Sheriff's Department did not have the capacity to return Plaintiff's property based on this allegation.

16. That the County of Madison Alabama illegally obtained unauthorized possession of Plaintiff's belongings, personal computer (printing press), academic and other papers and things, and has refused to return the same to Plaintiff. The Defendant, by its agent King, is aware that Plaintiff requires said computer as it contains academic works intended to be published to the University of Alabama at Huntsville.

## COUNT I: VIOLATION OF THE 42 U.S.C. 1983

17. That Plaintiff realleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail herein.

18. This claim is brought against the defendants, and each of them.

19. That 42 U.S.C. § 1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or a territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

20. That the Defendants, and each of them, engaged in independent acts and acts in concert and conspiracy with one another to deprive the plaintiff of rights established under the Constitution of the United States of American and under the law in Alabama regarding citizens right to be secure in their personal papers and things.

21. The facts and circumstances of this claim are inextricably intertwined with Plaintiff's claims under federal law.

22. That these rights are established under the Fourth Amendment to the United States Constitution.

23. Defendant County of Madison Alabama, Alabama, at all relevant times herein, and the Sheriff thereof, acting as agents and officers of the County

of Madison Alabama, Alabama confiscated Plaintiff's property without cause and without any effective redress on the basis of a facially flawed search warrant regarding the premises.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff realleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out in specific detail herein.

25. This claim is brought against the defendants, and each of them.

26. The facts and circumstances of this claim are inextricably inter-twined with Plaintiff's claims under federal law.

27. Defendants outrageously, recklessly and intentionally inflicted emotional harm upon the Plaintiff by, among other things, subjecting Plaintiff to fabricated and false accusations and giving the general public the impression that Plaintiff Brown was a danger to the community. Plaintiff was caused to suffer great pain, embarrassment, and humiliation because of Defendants' conduct and public statements, and said suffering was so severe that no reasonable person could be expected to endure it. Defendants Sheriff and Sheriff's Department and County of Madison Alabama exposed Plaintiff to this extreme and outrageous unwarranted conduct. Said conduct, while apparently unauthorized and contrary to departmental policies regarding public relations (giving rise to potential individual liability on the part of the named defendants), was subsequently

authorized, ratified and condoned by the corporate Defendants Madison County and the Madison Count Sheriff and Sheriff's Department.

28. Plaintiff seeks declaratory relief; compensatory damages in an amount not less than three hundred thousand dollars ($300,000.00) and punitive damages in an amount not less then five hundred thousand dollars ($500,000.00).

## COUNT III

## SLANDER

29. Plaintiff realleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail herein.
30. This claim is brought against the defendants, and each of them.
31. The facts and circumstances of this claim are inextricably intertwined with Plaintiff's claims under federal law.
32. Defendants did, with deliberate and malicious intent defame Plaintiff by subjecting him to fabricated and false accusations of improper conduct. These accusations were published and continue to be published through communications by the Defendants to third parties, and caused Plaintiff to suffer great pain, embarrassment, and humiliation, and financial harm. Defendants with the knowledge and permission of Defendant Sheriff and Sheriff's Department exposed Plaintiff to this unwarranted conduct. Said conduct, while apparently unauthorized and contrary to departmental policies regarding public relations, was subsequently authorized, ratified

and condoned by the corporate Madison County Alabama, Defendant Sheriff and Sheriff's Department of Madison County Alabama.

33. Plaintiff seeks declaratory relief; compensatory damages in an amount not less than five hundred thousand dollars ($300,000.00) and punitive damages in an amount not less then five hundred thousand dollars ($500,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays and respectfully requests that after a final hearing on this matter, this Honorable Court will:

A. Grant a permanent injunction enjoining the Defendant County of Madison Alabama, its Sheriff and the Madison County Sheriff's Department, its officers, agents, successors, assigns and all persons in active concert or participation with it from engaging in any practice which deprives Plaintiff of his personal property, personal computer (printing press) and papers and things without due process of law.

B. Order that the Defendant County of Madison Alabama, its Sheriff and the Madison County Sheriff's Department institute and carry out the implementation of policies, practices and programs which provide additional safeguards to the citizens of this state and which eradicate the effects of its past and present unlawful practices.

C. Order Defendant County of Madison Alabama, its Sheriff and the Madison County Sheriff's Department to make whole your Plaintiff, Wesley Brown, by providing appropriate damages with prejudgment interest, and all other affirmative relief necessary to eradicate the effects of its past and present unlawful practices,

compensatory and punitive damages in an amount not less than $1,200,000.00; and cost and attorneys' fees pursuant to 42 U.S.C. sections 1988.

D. For such other and further relief as the Court may deem just and proper.

Respectfully resubmitted on this the 21st day of March, 2011.

**TRIAL BY A STRUCK JURY IS HEREBY DEMANDED.**

William J. Freeman   (ASB-6865-E58W)
Attorney for Plaintiff
2201 Sixth Avenue South
Birmingham, Alabama 35233
(205) 323-3030

**State of Alabama   )**
**Jefferson County  )**

I, **Wesley Brown**, do hereby certify that the facts contained and alleged in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Wesley Brown

Attestation

Before me, a notary public for the State of Alabama at Large, appears Wesley Brown, who is known to me, and states under oath that the facts contained herein are true and correct to the best of his knowledge, information and belief.

Notary Public
My commission expires: _____

MY COMMISSION EXPIRES JULY 28, 2012

# SEARCH WARRANT

( X ) TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA;
(  ) TO ANY SHERIFF OR ANY LAWFUL OFFICER OF SAID COUNTY;
(  ) TO ANY LAWFUL ALCOHOLIC BEVERAGE CONTROL OFFICER OF THE STATE OF ALABAMA;

Proof by affidavit having this day been made before me, by Deputy Cathy Shaw that he has:
    (X) Probable cause for believing and does believe;
    (  ) Positive knowledge;

that certain personal property,
    (  ) which was stolen or embezzled;
    (X) which was used as a means of committing a felony;
    (X) which is in the possession of a person with the intent to use it as a means of committing a public offense;
    (X) which is in the possession of one to whom it was delivered for the purpose of concealing it or preventing its discovery;

is held or concealed unlawfully at 312 Harvestwood Ct .Madison , **Madison County, Alabama**, in the dwelling house, mobile home, apartment, or other building or premises, or in the privately owned motor vehicle of the owner, tenant, or other person in possession of said building, mobile home, apartment, premises or vehicle.

Said personal property being more particularly described as: Digital electronic data, which includes computer files, digital media, video files, and digital data including but not limited to images, files, media, emails, documents, and other digital evidence which is property that constitutes evidence of a commission of a criminal offense, or contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, which is contrary to and in violation of Title 13A-12-192 of the Code of Alabama. (See Attachment A for further details).

You are, therefore, commanded to make immediate search of 312 Harvestwood Ct .Madison, **Madison County, Alabama, and David Weed** as designated above for the above stated personal property, and if you find the same or any part thereof, to return it forthwith to the Honorable Judge D. ALAN MANN, Circuit Court Judge, Madison County, Alabama., or, if a state court offense, to a State Court.

    Said search may be made:    (X)    only in the daytime hours;
                                 (  )    at any time of the day or night;
                                 (  )    NO KNOCK WARRANT GRANTED

Dated this 17 day of March, 20 __; at 13:31 hours.

CIRCUIT COURT JUDGE
COUNTY OF MADISON
STATE OF ALABAMA

Case 5:11-cv-01035-CLS   Document 1   Filed 03/21/11   Page 12 of 12

Page ___ of ___ Pages

Item(s) listed below were:
- [x] EVIDENCE
- [ ] SAFEKEEPING
- [ ] FOUND PROPERTY



# Madison County Sheriff's Department
## Field Property / Evidence Form

Case#: _____   Event#: _____   Inventory#: _____

Incident/Offense: _____

Victim: _____

Property Received From: __WESLEY BROWN__

Address Received From: __312 Harvestwood Ct Madison, AL 358?__

Date Received: __03/18/2011__   Time Received: _____

Defendant/Suspect Name: _____   Address: _____

Employer: _____   HM Phone#: (   )   Business Phone#: (   )   R:___ S:___ A:___

Owner Name: _____   Address: _____

Employer: _____   HM Phone#: (   )   Business Phone#: (   )   R:___ S:___ A:___

Has Owner Been Notified: Y ☐  N ☐    Can Property Be Released: Y ☐  N ☐   (if no, indicate in report)

Name of person delivering Property/Evidence to Property/Evidence Room: _____

| ITEM | QTY. | DESCRIPTION OF PROPERTY/EVIDENCE | SERIAL NUMBER |
|---|---|---|---|
| 1 | 1 | Xbox 360 120GB HD | 3535447 11405 |
| 2 | 1 | Dell laptop Computer black | 33008650075 |
| 3 | 1 | Dekcell Replacement AC adapter | |
| 4 | 1 | Nintendo Wii w/ memory cube w/ controller | LU101578866 |
| 5 | 1 | Playstation 3 | CM094108841- |
| 6 | 1 | HP CPU Pavilion Elite HPE | 2MD0441SNX |
| 7 | 1 | Sony PSP | AB345247665-?? |

## CHAIN OF POSSESSION

| RECEIVED FROM: | RECEIVED FROM: |
|---|---|
| BY: | BY: |
| DATE: 03/18/2011  TIME: | DATE:  TIME: |
| RECEIVED FROM: | RECEIVED FROM: |
| BY: | BY: |
| DATE:  TIME: | DATE:  TIME: |

**NOTICE:** If property listed on this Property Sheet is not claimed within six (6) months of date indicated, the property will be disposed of in accordance with Act No. 81-1098, State of Alabama.

white - accompanies P & E • yellow - deputy's copy • pink - victim/owner's property